WO         IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KENDALL DEALERSHIP HOLDINGS, LLC,

        Plaintiff,

  vs.

WARREN DISTRIBUTION, INC., a Nebraska Corporation,

        Defendant.

WARREN DISTRIBUTION, INC.,

        Third-party plaintiff,

  vs.

ELECTRONIC COMPONENTS INTERNATIONAL, INC. and ELECTRICAL COMPONENTS CANADA, INC.,

        Third-party defendants.

No. 3:18-cv-0146-HRH

O R D E R

Motion to File
Amended Third Party Complaint

Third party plaintiff Warren Distribution, Inc. ("Warren") moves to amend its third party complaint.[1] This motion is opposed by plaintiff Kendall Dealership Holdings, LLC.[2] Oral argument was not requested and is not deemed necessary.

---

[1]Docket No. 80.

[2]Docket No. 83.

Background

In May 2018, plaintiff commenced this action based on allegations that engine block heaters which it purchased from Warren were defective. Plaintiff alleges that the engine block heaters it purchased from Warren "were improperly manufactured due to either a short circuit in the electrical cord of the engine block heater and/or too much wattage produced by the engine block heaters."[3] Plaintiff asserts breach of contract, UTPA, and breach of warranty claims against Warren.

In October 2018, Warren filed a third party complaint against Electrical Components International, Inc. (ECC) and Electrical Components Canada, Inc. (ECI). Warren alleges that "[i]t purchased Pyroil brand block heaters from ECI, which it then resold to Kendall" and that "the Pyroil block heaters were manufactured by ECC."[4] Warren alleges that "[i]f . . . the block heaters manufactured by ECC and sold by ECI are found to be defective, Warren is entitled to be indemnified or reimbursed by them for any damages or judgment it is required to pay Kendall."[5] Warren also alleges breach of warranty claims against ECC and ECI.[6]

---

[3]Complaint at 2, ¶ 11, Exhibit A, Defendant's Notice of Removal, Docket No. 1.

[4]Third Party Complaint at 3, ¶ 8, Docket No. 21.

[5]Id. at 3, ¶ 10.

[6]Id. at 3, ¶ 12.

Based on its claims for indemnification and breach of warranty, Warren alleges that it is "entitled to allocate fault to" ECI and ECC "under AS 09.17.080 and AS 09.17.900."[7]

On January 7, 2020, Warren moved[8] to allocate fault to Toyota Canada without joining it as a party because it learned during discovery that Toyota Canada was involved in the design of the block heaters that were manufactured by ECC. On February 14, 2020, the court denied the motion, concluding that "if [Warren] wants to argue that Toyota Canada is at fault for the allegedly defective design of the engine block heaters in question, it must first attempt to join Toyota Canada as a third party defendant."[9]

Warren now moves to amend its third party complaint to add Toyota Canada as a third party defendant.

Discussion

"Once the district court issues a pretrial scheduling order that establishes a deadline for the amendment of pleadings, . . . consideration of a motion for leave to amend is governed by Rule 16 of the Federal Rules of Civil Procedure rather than Rule 15." Solo v. Dawson, Case No. CV 09-05623 MMM (RCx), 2010 WL 11509232, at *4 (C.D. Cal. May 6, 2010). Here, the court has issued a scheduling and planning order, which, as Warren acknowledges, provides that motions to amend had to be filed 60 days after the date of that

---

[7]Id. at 3, ¶ 13.

[8]Docket No. 63.

[9]Order re Motion to Allocate Fault to an Absent Third Party at 12, Docket No. 70.

-3-

Case 3:18-cv-00146-HRH   Document 93   Filed 06/22/20   Page 3 of 12

order,[10] which means that the deadline for filing motions to amend was October 20, 2019. Because this date has passed, the court will treat Warren's motion to amend as "a de facto motion to amend the court's scheduling order[.]" Id. Such motions are governed by Rule 16(b) and require that Warren first show that there is "good cause" to modify the scheduling and planning order. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. "If that party was not diligent, the inquiry should end." Id.

Warren has been diligent in its efforts to bring Toyota Canada into this case. Warren contends that it first learned that Toyota Canada had a role in the design of the block heaters at the end of October 2019 during the ECC depositions. Although plaintiff suggests that Warren should have known of Toyota Canada's involvement long before October 2019, the court has no reason to doubt Warren's contention that it first learned of this involvement in October 2019. Warren then filed its motion to allocate fault shortly thereafter on January 7,

---

[10]Second Amended Scheduling and Planning Order at 6, Docket No. 55.

-4-

2020. That motion was denied on February 14, 2020, and Warren filed the instant motion 45 days later. While the instant motion might have been filed sooner, Warren did not unduly delay in filing the motion.

Because Warren has been diligent, it has shown good cause to modify the scheduling and planning order. The scheduling and planning order is modified so Warren can file its motion to amend the third party complaint.

Turning then to question of whether Warren should be given leave to amend its third party complaint, "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted). "But, a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id.

Warren first argues that allowing it to amend its third party complaint will not cause any undue delay because the proposed amended complaint does not add new issues to the case and because proceedings in this case have been on pause, to a large degree, due to the COVID-19 pandemic.

"Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." Davis v. Powell, 901 F. Supp. 2d 1196, 1212 (S.D. Cal. 2012) (citation omitted). Plaintiff argues that it will be prejudiced if Warren is allowed to add a new claim at this late date because it means that all of the discovery that has already been

-5-

Case 3:18-cv-00146-HRH    Document 93    Filed 06/22/20    Page 5 of 12

taken will be stale by the time the case goes to trial. Plaintiff contends that allowing Warren to amend its third party complaint will delay this case for at least one year and plaintiff insists that it will lose witnesses if this case is delayed for that long. Without amendment, plaintiff suggests that this case will be ready for trial by this fall.

Warren disputes that there will be any prejudice to plaintiff primarily because it contends that it is unlikely that any pretrial deadlines will have to be adjusted. Rather, Warren suggests that what will likely happen is that Toyota Canada will promptly move to dismiss and the court will grant that motion.

If Warren is right that Toyota Canada will not remain in this case long, then there will be no prejudice to plaintiff as it is unlikely that any pretrial deadlines will have to be adjusted. But even if Warren is wrong and Toyota Canada is not promptly dismissed as a third party defendant, there will still be significant delay in this case due to the coronavirus pandemic. Even if this case were to be ready for trial by this fall, it is highly unlikely that a trial could be scheduled for any time prior to 2021. While such a delay may be prejudicial, it is equally prejudicial to all the parties and it is not the fault of any party.

But even if undue delay and prejudice are not reasons to deny Warren's motion to amend, which they are not, plaintiff argues that the motion should still be denied because the proposed amendment would be futile. "Futility alone can justify the denial of a motion for leave to amend." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

In its proposed amended third party complaint, Warren alleges that it "is entitled to allocate fault to . . . Toyota of Canada, under AS 09.17.080 and AS 09.17.900."[11] AS 09.17.080 is Alaska's "apportionment of damages" statute, which provides, in relevant part:

> In all actions involving fault of more than one person, including third-party defendants and persons who have settled or otherwise been released, the court, unless otherwise agreed by all parties, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings, indicating
>
>   (1) the amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and
>
>   (2) the percentage of the total fault that is allocated to each claimant, defendant, third-party defendant, person who has been released from liability, or other person responsible for the damages. . . .

AS 09.17.900 defines "fault" for purposes of AS 09.17.080 as

> acts or omissions that are in any measure negligent, reckless, or intentional toward the person or property of the actor or others, or that subject a person to strict tort liability. The term also includes breach of warranty, unreasonable assumption of risk not constituting an enforceable express consent, misuse of a product for which the defendant otherwise would be liable, and unreasonable failure to avoid an injury or to mitigate damages. Legal requirements of causal relation apply both to fault as the basis for liability and to contributory fault.

AS "09.17.080 is substantially similar to the Uniform Comparative Fault Act[.]" Benner v. Wichman, 874 P.2d 949, 958 n.19 (Alaska 1994). The definition of "fault" in AS 09.17.900

---

[11]Proposed First Amended Third Party Complaint at 4, ¶ 17, Exhibit A, Motion to File Amended Third Party Complaint, Docket No. 80.

also "was taken from the Uniform Comparative Fault Act of 1977. . . ." Shields v. Cape Fox Corp., 42 P.3d 1083, 1090 (Alaska 2002).

Plaintiff argues that amending to add a claim based on AS 09.17.080 against Toyota Canada would be futile because AS 09.17.080 does not apply to contract claims and the claims at issue in this case sound in contract. As Warren is quick to point out, the court has already rejected the argument that AS 09.17.080 does not apply to any of the claims in this case, finding that the statute at least applied to plaintiff's breach of warranty claims because "breach of warranty" was expressly included in the definition of "fault" for purposes of AS 09.17.080.[12] But, plaintiff offers new support for its argument that AS 09.17.080 is limited to claims involving personal injury and property damage and does not include breach of warranty claims which sound in contract.

Plaintiff contends that the definition of "fault" in AS 09.17.900 was adopted by the Alaska legislature from the Uniform Comparative Fault Act and that the comments to that Act make it clear that the definition of "fault" was not intended to cover contract claims. Specifically, the comments note that

> [a]n action for breach of warranty is held to sound sometimes in tort and sometimes in contract. There is no intent to include in the coverage of the Act actions that are fully contractual in their gravamen and in which the plaintiff is suing solely because he did not recover what he contracted to receive. The restriction of

---

[12]Order re Motion to Allocate Fault to Absent Third Party at 5, Docket No. 70.

-8-

coverage to physical harms to person or property excludes these claims.[13]

Plaintiff also cites to Ethyl Corporation v. BP Performance Polymers, Inc., 33 F.3d 23 (8th Cir. 1994). There, "[t]he district court applied the Iowa [Comparative Fault] Act to Ethyl's breach of warranty claim because the plain language of the Iowa Act's fault definition [which is the same as Alaska's] includes the term "breach of warranty." Id. at 25. The Eighth Circuit reversed, explaining that

> the Iowa Act is patterned after the Uniform Comparative Fault Act and the Uniform Act's official comments are persuasive in interpreting the Iowa Act. Indeed, the Iowa Act's definition of fault is taken directly from the Uniform Act. The Uniform Act's official comments state the Uniform Act only covers physical harm to persons or property and consequential damages deriving from physical harm.

Id. (internal citation omitted).

Similarly here, plaintiff argues that the court should find that AS 09.17.080 would not apply to its breach of warranty claims, even though such claims are expressly mentioned in the definition of "fault" that applies to AS 09.17.080. Plaintiff argues that this case involves claims "that are fully contractual in their gravamen" and that it "is suing solely because [it] did not recover what [it] contracted to receive." Id. (citation omitted). Because its breach of warranty claims do not involve personal injury or property damage, plaintiff insists that

---

[13]Unif. Comparative Fault Act § 1, comment.

AS 09.17.080 does not apply to this case and thus amending the third party complaint to add a claim based on AS 09.17.080 would be futile.

Ignoring for the moment that the foregoing argument is basically an untimely motion for reconsideration, plaintiff's argument fails. Section 1 of the Uniform Comparative Fault Act includes two subsections. The Alaska legislature adopted, without change, subsection (b), which defines "fault" and the comments to that section do indicate that the definition of "fault" was not intended to include breach of warranty claims that sound in contract. But, although AS 09.17.080 is "substantially similar" to subsection 1(a) of "Uniform Comparative Fault Act[,]" Benner, 874 P.2d at 958 n.19, it is not identical.

Subsection 1(a) of the Uniform Comparative Fault Act provides, in relevant part:

> In an action based on fault seeking to recover damages for injury or death to person or harm to property, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for an injury attributable to the claimant's contributory fault, but does not bar recovery.[14]

Subsection 1(a) expressly limits its application to actions involving personal injury or property damage. In contrast, AS 09.17.080 provides for the allocation of fault "[i]n all actions involving fault of more than one person. . . ." Unlike subsection 1(a), and unlike the Iowa Act under discussion in Ethyl Corporation, AS 09.17.080 does not expressly limit the allocation of fault to actions involving personal injury or property damage. Rather, it is much

---

[14]Unif. Comparative Fault Act § 1.

-10-

broader, referring generally to actions involving the fault of more than one person. As the court previously stated, "if the Alaska legislature wanted to limit AS 09.17.080 to claims involving personal injury and property damage, it knew how to do that."[15] But, given that it did not so, there is no reason for the court to depart from its holding that AS 09.17.080 applies to plaintiff's breach of warranty claims. Thus, it would not be futile for Warren to amend its third party complaint to add a claim against Toyota Canada based on AS 09.17.080.

Warren's motion to amend its third party complaint is granted. However, Warren may not file the proposed amended third party complaint attached to its motion as Exhibit A. In the proposed amended third party complaint, Warren alleges that "Toyota Canada entered into a contract with ECC for the production of block heaters for use in the Toyota vehicle in Canada[,]" that "ECC manufactured the block heaters to specifications that were directed by, reviewed by, and approved by Toyota Canada[,]" and that "[t]he block heaters that ECC manufactured and sold to Warren Distribution were based on and conformed to the Toyota Canada block heater design."[16] Warren then proposes to allege that it is "entitled to allocate fault to Third Party Defendants, including Toyota of Canada, under AS 09.17.080 and AS

---

[15]Order re Motion to Allocate Fault to an Absent Third Party at 5, Docket No. 70.

[16]Proposed First Amended Third Party Complaint at 3, ¶¶ 9-11, Exhibit A, Motion to File Amended Third Party Complaint, Docket No. 80.

09.17.900."[17]  But, allocation of fault pursuant to AS 09.17.080 and AS 09.17.900 is not a cause of action. The proposed amended third party complaint alleges indemnity and breach of warranty claims against ECI and ECC[18] but alleges no cognizable cause of action against Toyota Canada.

## Conclusion

Based on the foregoing, Warren's motion to amend is granted. Warren may file an amended third party complaint on or before July 6, 2020, but Warren may not file the proposed third party complaint attached to its motion to amend.

DATED at Anchorage, Alaska, this 22nd day of June, 2020.

/s/ H. Russel Holland
United States District Judge

---

[17]Id. at 4, ¶ 17.

[18]Id. at 4, ¶¶ 14-15.