WO                  IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
KENDALL DEALERSHIP HOLDINGS, LLC, )
                                  )
               Plaintiff,         )
                                  )
     vs.                          )
                                  )
WARREN DISTRIBUTION, INC., a Nebraska )
Corporation,                      )
                                  )        No. 3:18-cv-0146-HRH
               Defendant.         )
_____)
                                  )
WARREN DISTRIBUTION, INC.,        )
                                  )
               Third-party plaintiff, )
                                  )
     vs.                          )
                                  )
ELECTRICAL COMPONENTS             )
INTERNATIONAL, INC., ELECTRICAL   )
COMPONENTS CANADA, INC., and      )
TOYOTA CANADA, INC.,              )
                                  )
               Third-party defendants. )
_____)
```

O R D E R

Motion to Strike

Defendant Warren Distribution, Inc. and third-party defendants Electrical Components International, Inc. and Electrical Components Canada, Inc. move to strike Sean Shideh's

-1-

supplemental expert report.[1]  This motion is opposed by plaintiff Kendall Dealership Holdings, LLC.[2]  Oral argument was not requested on this motion and is not deemed necessary.

In August 2019, plaintiff retained Sean Shideh, who is an automotive/mechanical engineer, as an expert witness.  Shideh's expert report was disclosed on December 1, 2019 and his rebuttal report was disclosed on August 24, 2020.[3]  Shideh was deposed by defendants on September 14, 2020.

At his deposition, Shideh testified that one of the factual basis for his opinions was the 1500 ECI/ECC discovery documents that he had reviewed.[4]  But, Shideh did not identify which particular documents were the basis for his opinions.  After his deposition, which was stopped by Shideh after four hours, Shideh produced an "addendum report" on November 19, 2020.  In the addendum report, Shideh listed "[t]he specific pages from the ECI documents that I rely upon in support of my findings[.]"[5]

Defendants now move to strike Shideh's addendum report on the grounds that it is an improper and untimely supplementation of his expert report.

---

[1]Docket No. 193.

[2]Docket No. 202.

[3]This was the same date that expert discovery closed.

[4]Shideh Deposition at 103:8-104:7, SEALED Exhibit S, Docket No. 131.

[5]Addendum Report at 1, Exhibit A, Motion to Strike Plaintiff's Supplemental or Addendum Expert Report of Sean Shideh, Docket No. 193.

-2-

"Rule 26(e) obligates parties to supplement an initial expert report served pursuant to Rule 26(a) 'if the party learns that in some material respect the disclosure or response is incomplete or incorrect, <u>and</u> if the additional or corrective information has not otherwise been made known to the other parties. . . .'" <u>Martinez v. Costco Wholsesale Corp.</u>, 336 F.R.D. 183, 186 (S.D. Cal. 2020) (quoting Fed. R. Civ. P. 26(e)). "'In determining whether a supplement under Rule 26(e) is appropriate, the court considers (1) whether the supplemental information correspond[s] to a prior Rule 26(a) disclosure and, if so, (2) whether the supplemental information [was] available at the time set for the initial disclosure.'" <u>Id.</u> at 186-87 (quoting <u>Ibekwe v. White</u>, 2016 WL 6963051, at *4 (C.D. Cal. Feb. 23, 2016)). "There is no bright line rule that supplementation of disclosures is improper if made after the close of discovery." <u>Munn v. Hotspur Resorts Nevada, Inc.</u>, Case No. 2:19-cv-00693-GMN-NJK, 2020 WL 7323345, at *2 (D. Nev. Oct. 20, 2020). "Instead, the key inquiry is whether the timing of the supplemental disclosure is reasonable based on when the information was available to the disclosing party." <u>Id.</u>

     Plaintiff argues that Shideh's addendum report is a proper supplementation because it clarifies the pages from the exhibits he relies upon and because there is no modification to his analysis or conclusions or new opinions. Plaintiff emphasizes that the addendum report is simply a list of document numbers. Plaintiff also suggests that the addendum report was necessary because defendants never resumed Shideh's deposition. Plaintiff contends that Shideh was prepared to provide the information in his addendum report at the

continuation of his deposition, but because defendants decided not to resume his deposition, he prepared the addendum report instead.

The addendum report is not a proper supplementation of Shideh's expert report. "'Supplementing an expert report pursuant to Rule 26(e) means correcting inaccuracies or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.'" Martinez, 336 F.R.D. at 189 (quoting Sherwin–Williams Co. v. JB Collision Servs., Inc., 2015 WL 1119406, at *6 (S.D. Cal. Mar. 11, 2015)). The information that Shideh has provided in the addendum report was available to him at the time he prepared his original report and it could have been, and should have been, included in his original report.

Because Shideh's addendum report cannot be considered a supplementation to his original report, it is an untimely disclosed expert report, having been filed after the close of expert discovery. This untimely expert report is subject to exclusion unless plaintiff's failure to timely disclose this report was "'substantially justified or harmless.'" Plumley v. Mockett, 836 F. Supp. 2d 1053, 1061–62 (C.D. Cal. 2010) (quoting Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)).

> Several factors to guide the determination of whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence.

Silvagni v. Wal–Mart Stores, Inc., 320 F.R.D. 237, 242 (D. Nev. 2017).

To the extent that plaintiff is arguing that the late disclosure was justified because defendants decided not to resume Shideh's deposition, that argument fails. The fact that Shideh's deposition was never resumed is not a sufficient justification for this late disclosure. "''The [expert] report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." Salgado v. Gen. Motors Corp., 150 F.3d 735, 741 n.6 (7th Cir.1998). Defendants should not have had to resume Shideh's deposition to elicit information that should have been in Shideh's original report. An expert is required to set out the basis for his opinions in his original report, along with the documents on which he relied to form those opinions. Shideh's failure to adequately do so does not justify his untimely addendum report.

Moreover, it was Shideh who cut the deposition short, saying he had "other things to do" and that he had "an appointment."[6] As a retained expert, Shideh had an obligation to make himself available for deposition, and it was inappropriate and arrogant for him to decide, apparently without consulting with plaintiff's counsel, that he was not going to be available for the full seven hours of deposition on the scheduled day.

This late disclosure is also prejudicial to defendants because there is a substantial risk that Shideh will attempt to provide new opinions or new explanations based on the documents that he has finally identified. The fact that the documents in question were ones

---

[6]Shideh Deposition at 121:12-122:16, SEALED Exhibit B, Docket No. 207.

-5-

Case 3:18-cv-00146-HRH   Document 210   Filed 03/09/21   Page 5 of 7

that had been produced by ECI/ECC does not lessen this prejudice. In addition, because Shideh waited until after the close of expert discovery to identify the documents on which he relied, defendants' expert could not review these specific documents and defendants were prevented from questioning Shideh at his deposition about these specific documents.

Contrary to plaintiff's argument, the prejudice to defendants cannot be easily cured. While Shideh could be deposed for an additional three hours, defendants' expert would still be prevented from responding to any new opinions Shideh might offer based on his addendum report.

Allowing this late disclosure would also disrupt the schedule in this case. Although no trial date has been set, briefing has already been completed on defendants' motion for summary judgment and it is likely that any reopening of expert discovery would result in this motion being rebriefed, thereby further delaying resolution of this case. Given that Shideh could have provided the information that is in the addendum report long before he did, such a disruption is not warranted.

Although the court is not convinced that there has been any bad faith here, this situation could have been avoided had plaintiff's counsel been more robust in her review of Shideh's original report and her preparation of Shideh for his deposition. In addition, it is worth noting that plaintiff waited until two months after Shideh's deposition to disclose his addendum report, rather than doing so promptly after his deposition.

-6-

In sum, the late disclosure of Shideh's addendum was neither justified nor harmless. The motion to strike Shideh's addendum report[7] is granted.

DATED at Anchorage, Alaska, this 9th day of March, 2021.

/s/ H. Russel Holland
United States District Judge

---

[7]Docket No. 193.