WO                IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KENDALL DEALERSHIP HOLDINGS, LLC,<br><br>                Plaintiff,<br><br>vs.<br><br>WARREN DISTRIBUTION, INC., a Nebraska Corporation,<br><br>                Defendant.<br>_____<br>WARREN DISTRIBUTION, INC.,<br><br>                Third-party plaintiff,<br><br>vs.<br><br>ELECTRONIC COMPONENTS INTERNATIONAL, INC. and ELECTRICAL COMPONENTS CANADA, INC.,<br><br>                Third-party defendants.<br>_____ | No. 3:18-cv-0146-HRH |

O R D E R

Motion to Exclude Expert Testimony of Sean Shideh

Defendant Warren Distribution Inc. and third-party defendants Electrical Components International, Inc. and Electrical Components Canada, Inc. move to exclude the testimony

-1-

of expert Sean Shideh.[1] This motion is opposed by plaintiff Kendall Dealership Holdings, LLC.[2] Oral argument was requested and has been heard.

This case arises out of claims that some 8,000 engine block heaters which plaintiff purchased from Warren were defective. Warren allegedly purchased the engine block heaters from ECI and the engine block heaters were allegedly manufactured by ECC.[3] Plaintiff contends that it first became aware that there might be a problem with the 913 engine block heater in late 2017/early 2018 when customers reported vehicle fires that appeared to be connected to their engine block heaters.

Plaintiff commenced this case on May 22, 2018. Plaintiff asserts breach of contract, UTPA, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose claims against Warren. Plaintiff seeks actual, consequential, and punitive damages.

Plaintiff retained Sean Shideh, an automotive/mechanical engineer, as an expert witness. Shideh was retained

> to review a large volume of documents and advise if a defect in an engine block heater (EBH), under part number PU140-00913 (913), that was designed, manufactured, and distributed by ECI, ECC, and Warren Distribution was the root cause of fire

---

[1]Docket No. 130; Docket No. 137.

[2]Docket No. 161.

[3]Third Party Complaint at 3, ¶ 8, Docket No. 21.

> incidents that occurred in some Toyota vehicles in Canada and Alaska in 2016 and 2017.[4]

Prior to being retained as an expert by plaintiff, Shideh had investigated five or six vehicle fires in Alaska on behalf of Federated Insurance, plaintiff's insurer.

ECC/ECI and Warren (referred to herein as "defendants") move to exclude Shideh's expert testimony as a sanction for several discovery violations. First, defendants contend that Shideh's expert report failed to meet the requirements of Rule 26(a), which requires an expert's report be "sufficiently complete [so] as to include the substance of what the expert is expected to give in direct testimony, and the reasons for such testimony." Wilderness Development, LLC v. Hash, Case No. CV 08–54–M–JC, 2009 WL 564224, at *5 (D. Mont. March 5, 2009) (citation omitted). Second, defendants argue that Shideh obstructed discovery by failing to preserve engine block heaters from all or some of the vehicles he inspected. Third, defendants argue that plaintiff failed to timely disclose several reports which Shideh did for Federated and several third-party reports concerning inspections of vehicle fires. As to the second and third arguments, defendants contend that

> FRCP 26(f)(3) covers the parties' Scheduling and Planning Report, which includes the court's subsequent Scheduling and Planning Orders. The Parties have submitted multiple Scheduling and Planning Reports to the court, which have been incorporated into Scheduling and Planning Orders. Thus, the parties' responses to discovery and submission of expert reports is

---

[4]Shideh Expert Report at 1, Exhibit A, Joint Motion to Strike [etc.], Docket No. 128.

pursuant to court orders and subject to sanction under FRCP 37(b).[5]

The instant motion is a discovery motion, not a motion in limine as defendants contend. The Supreme Court has defined a motion in limine as "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). Defendants are not seeking to exclude Shideh's testimony because it is prejudicial; they are seeking to exclude his testimony as a sanction for discovery violations. As a discovery motion, the instant motion is untimely. The deadline for filing discovery motions was October 16, 2020.[6] The instant motion was filed on October 19, 2020. Thus, defendants' motion to exclude Shideh's testimony is denied as untimely.

DATED at Anchorage, Alaska, this 13th day of April, 2021.

/s/ H. Russel Holland
United States District Judge

---

[5]Joint Motion in Limine to Exclude Testimony of Expert Sean Shideh at 39, Docket No. 130.

[6]Order re Joint Motion for Extension of Time; Motion to Late File at 2, Docket No. 135.