IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KENDALL DEALERSHIP HOLDINGS, LLC, )
)
          Plaintiff, )
   vs. )
WARREN DISTRIBUTION, INC., )
          Defendant. )
_____)
WARREN DISTRIBUTION, INC., )
          Third-Party Plaintiff, ) No. 3:18-cv-0146-HRH
   vs. )
ELECTRICAL COMPONENTS INTERNATIONAL, INC., and ELECTRICAL COMPONENTS CANADA, INC., )
          Third-Party Defendants. )
_____)

O R D E R

Motion to Enlarge Time

     Third-party defendants Electrical Components International, Inc. ("ECI") and Electrical Components Canada, Inc., ("ECC") move to enlarge the time within which a discovery motion might have been filed.[1] Defendant Warren Distribution, Inc. joins in the motion.[2] The motion is opposed by plaintiff Kendall Dealership Holdings, LLC.[3] Oral argument has not been requested and is not deemed necessary.

---

[1] Docket No. 226.

[2] Docket No. 233.

[3] Docket No. 241.

ORDER – Motion to Enlarge Time         - 1 -

A Rule 16 scheduling order was entered in this case on August 3, 2018.[4] Discovery motions were to have been filed by April 24, 2019. Motions _in limine_ and _Daubert_ motions were to have been filed thirty days following the court's decision on any pending dispositive motions. At the request of the parties, several extensions of time were requested and approved. By order of October 22, 2020,[5] the court granted ECI/ECC's unopposed, late-filed motion to extend the time for filing discovery motions to October 16, 2020.

On October 19, 2020, defendants jointly moved _in limine_ to exclude the testimony of plaintiff's expert, Sean Shideh.[6] The motion was "made pursuant to FRCP 26(a)(2)(B) and Rule 37(b)(2)(A)(i-vii)."[7] The motion was opposed, and in due course, oral argument was scheduled and heard as to defendants' motion for summary judgment and the motion _in limine_ to exclude Shideh's testimony.

At oral argument, the focus of defendants' argument on the motion _in limine_ was various alleged discovery problems. By order of April 13, 2021,[8] the court ruled that "[t]he instant motion [to exclude the expert testimony of Sean Shideh] is a discovery motion, not a motion _in limine_ as defendants contend."[9] The court ruled that the deadline for discovery motions was October 16, 2020, and that, because the motion to exclude testimony was filed on October 19, 2020, it was untimely. Thus, the court denied defendants' motion _in limine_ to exclude the testimony of Shideh.

---

[4]Docket No. 11.

[5]Docket No. 135.

[6]Docket No. 130.

[7]_Id._ at 2.

[8]Docket No. 223.

[9]_Id._ at 4.

ORDER – Motion to Enlarge Time - 2 -

Pursuant to Rule 6(b)(1)(B), defendants now move for an order enlarging the time for consideration of their discovery motion. Defendants would have the court consider their motion to exclude Shideh's testimony as presented and argued by the parties.

Rule 6(b)(1)(B) provides in pertinent part:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) . . . .
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Id. at 1261.

Based upon Yeti by Molly, Ltd. v. Deckers Outdoor Corporation, 259 F.3d 1101, 1106 (9th Cir. 2001), R&R Sails, Inc. v. Insurance Company of Pennsylvania, 673 F.3d 1240, 1242-44 (9th Cir. 2012), and Yi v. BMW of North America, LLC, Case No. 2:17-cv-06467-SVW-SK, 2018 WL 6071397 at *1 (C.D. Calif.) (May 24, 2018), ECI/ECC argues that a motion in limine was a proper vehicle for putting before the court the motion to exclude Shideh's testimony based upon discovery violations. Based on the foregoing authority, the court concludes that there was a reasonable basis for defendants to believe that a motion in limine was a proper vehicle for putting their motion to exclude the testimony of Shideh before the court. They have demonstrated that there was a good faith basis for

ORDER – Motion to Enlarge Time	- 3 -

characterizing the motion to exclude the testimony of Shideh as one in limine, even though the motion appeared to the court to be a tardy discovery motion.

The delay in presenting the Shideh motion, if treated as a discovery motion, was only two days, and the reason for the delay was a good faith belief that the time for presenting a motion in limine had not expired – which, of course, it had not were the motion properly a motion in limine.

There is no danger of prejudice to plaintiff in taking up the merits of the motion to exclude Shideh's testimony. No trial has been set in this case and, due to COVID-19 issues, trial before the fourth quarter of 2021 or the first quarter of 2022 is unlikely. Moreover, the issues which defendants would have the court decide have been both briefed and argued. The motion to exclude the testimony of Shideh is therefore ready for disposition if the instant motion is granted.

Based on the foregoing, the court concludes that there is good cause to extend the time for filing a discovery motion in this case and that defendants' failure to timely file their discovery motion resulted because of excusable neglect.

Defendants' motion to enlarge time in which to file a discovery motion[10] is granted. The joint motion in limine to exclude the testimony of expert Sean Shideh[11] is deemed submitted to the court for disposition.

DATED at Anchorage, Alaska, this 17th day of June, 2021.

/s/ H. Russel Holland
United States District Judge

---

[10]Docket No. 226.

[11]Docket No. 130.

ORDER – Motion to Enlarge Time                                                                                          - 4 -

Case 3:18-cv-00146-HRH   Document 245   Filed 06/17/21   Page 4 of 4