WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KENDALL DEALERSHIP HOLDINGS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| WARREN DISTRIBUTION, INC., | ) ) |
| Defendant. | ) ) |
| WARREN DISTRIBUTION, INC., | ) ) |
| Third-Party Plaintiff, | ) ) No. 3:18-cv-0146-HRH |
| vs. | ) ) |
| ELECTRICAL COMPONENTS INTERNATIONAL, INC., and ELECTRICAL COMPONENTS CANADA, INC., | ) ) ) ) |
| Third-Party Defendants. | ) ) |

O R D E R

Motion in Limine to Exclude Insurance Claims Files and Related Testimony

Kendall Dealership Holdings ("Kendall") moves this court in limine to exclude evidence of, and testimony regarding, Kendall's insurance coverage through Federated Insurance Company and its insurance files.[1] Electrical Components International and

---

[1] Docket Nos. 253, 284, and 285.

ORDER – Motion in Limine to Exclude
Insurance Claims Files and Related Testimony     - 1 -

Electrical Components Canada ("ECI/ECC") and Warren Distribution ("Warren") oppose this motion.[2] Oral argument is not requested and is not deemed necessary.

Background

Kendall contends that approximately 8,000 block heaters which it purchased from Warren were defective.[3] ECC allegedly manufactured the heaters and ECI allegedly sold these to Warren.[4] The only version of engine block heater still at issue is the PU140-00913 heater ("913 heater").[5]

Kendall is insured through Federated Insurance Company.[6] According to Kendall, Federated received five subrogation claims from third-party insurers who had paid their clients' claims, following block heater induced fires.[7] Federated claims adjuster Brian Murphy handled Kendall's claims.[8] Kendall states that Murphy hired Sean Shideh (now also a Kendall expert witness in this case) to investigate the cause of the fires.[9] In August 2020, ECI/ECC subpoenaed copies of Murphy's claim files from Federated.[10] According

---

[2]Docket Nos. 265 and 266.

[3]Docket No. 247, SEALED ORDER.

[4]Id.

[5]Id.

[6]Docket No. 253, Exhibit 1, Docket No. 271, SEALED Exhibit D.

[7]Docket No. 253.

[8]Docket No. 253, Exhibit 1.

[9]Docket No. 253.

[10]Docket No. 131, SEALED Exhibit V.

to Warren, these files consist of approximately 1,500 pages of records.[11] Warren states that these "insurance files" consist of Shideh's reports, materials Shideh reviewed, invoices, fire reports, photos, documents regarding block heater installation, correspondence between Shideh and Murphy, correspondence with Kendall, and documents relating to Kendall's involvement in certain subrogation claims.[12]

    Kendall now contends that there exist five categories of insurance information and claim-related documents that should be excluded.[13] These include statements or inferences that Kendall is insured; documents related to the five subrogation claims that Federated handled, including those submitted to inter-company arbitration, inter-arbitration company arbitration determinations, and third-party demands for reimbursement; adjuster reports, investigation analysis, opinions, communications, emails, phone log entries, letters and "etc." related to block heater fire investigations and claim determinations; all communication between the insurance adjuster and Kendall employees; and "all other inadmissible claim-related materials."[14] Kendall does not seek exclusion of the reports Shideh generated during his insurance investigation.[15]

    Kendall seeks exclusion of these general categories of documents in the insurance claims files on the grounds that certain of these documents are inadmissible hearsay, that certain statements constitute improper expert opinion under Federal Rule of Evidence

---

[11]Docket No. 266.

[12]Id.

[13]Docket Nos. 253 and 285.

[14]Id.

[15]Docket No. 253.

("Evidence Rule") 702, and that certain evidence is irrelevant and unduly prejudicial.[16] Kendall does not identify a single document or statement that it seeks to exclude.[17] Yet Kendall contends that its vague identification of the various categories of documents it seeks to exclude is sufficiently detailed, such that this court can rule on its substantive objections. Finally, Kendall claims that evidence of its liability insurance is subject to exclusion under Federal Rules of Evidence 403 and 411.[18]

In their opposition briefs, Warren and ECI/ECC argue that Kendall's motion is premature and that it insufficiently identifies which evidence Kendall seeks to exclude.[19] Additionally, ECI/ECC contends that much of the evidence that Kendall seeks to exclude is both relevant and admissible.[20]

Discussion

First, this court addresses Kendall's contention that the documents contained within the insurance claims files should be excluded. Federal Rule of Civil Procedure ("Civil Rule") 26(a)(3) sets forth the pretrial disclosures that a party must provide to other parties at least thirty days before trial. Among various things, these disclosures require parties to identify "each document or other exhibit, including summaries of other evidence – separately identifying those items the party expects to offer and those it may offer if the need arises." Civil Rule 26(a)(3)(A)(iii).

---

[16]Docket Nos. 253, 284, and 285.

[17]Id.

[18]Docket No. 284.

[19]Docket Nos. 265 and 266.

[20]Docket No. 265.

As the advisory committee note to the 1993 amendment of this rule states, the court may issue a pretrial scheduling order that establishes a different time for such disclosures. This court's second amended scheduling and planning order, issued on August 21, 2019, provides that "[t]he disclosures required by Rule 26(a)(3), to the extent not covered by this order, will be addressed by the court in an Order for Pretrial Proceedings and Final Pretrial Conference, which the court will issue concurrent with setting this case for trial."[21]

Under Civil Rule 26(a)(3)(A)(iii) and this court's current scheduling order, Kendall's motion is premature. This is so because ECI/ECC and Warren have not yet had to identify which exhibits they may offer at trial. That this request is premature is further evidenced by the fact that Kendall fails to identify a single document that it seeks to exclude – indeed, because none have yet been proffered. Yet Kendall asks this court to make substantive rulings about currently non-existent evidence in a vacuum. Kendall fails to carry its burden of pleading. See United States v. Cline, 188 F. Supp. 2d 1287, 1292 (D. Kan. 2002) (citing National Union v. L.E. Myers Co. Group, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)) ("As a procedural matter, the movant should identify the particular evidence at issue and articulate with specificity the arguments supporting the position that the particular evidence is inadmissible on any relevant ground. A court is well within its discretion to deny a motion in limine that fails to identify the evidence with particularity or to present arguments with specificity."), aff'd, 349 F.3d 1276 (10th Cir. 2003).

Because Kendall's motion to exclude insurance claims files documents is premature, and because Kendall has not provided the court with sufficient information with which to rule on its request, this court denies Kendall's motion without prejudice. Kendall is

---

[21]Docket No. 55.

permitted to again bring this motion at the time set forth in the scheduling order referenced above, once Kendall has identified exactly which evidence it seeks to exclude.

This court next addresses Kendall's contention that this court should preclude any reference that Kendall is insured or that Federated is its insurer. Generally, evidence of insurance coverage is inadmissible because parties are entitled to have the issues decided on the merits. Humbert v. O'Malley, Civil No. WDQ-11-0440, 2015 WL 1569182, at *3 (D. Md. Apr. 6, 2015) (citing Sands v. Kawasaki Motors Corp. U.S.A., 513 F. App'x 847, 854 (11th Cir. 2013); Halladay v. Verschoor, 381 F.2d 100, 112 (8th Cir. 1967); Braun v. Lorillard, Inc., No. 94C976, 1996 WL 14027, at *1 (N.D. Ill. Jan.11, 1996)).

Thus, under Evidence Rule 411, evidence that a party was or was not insured is inadmissible to prove that the party acted negligently or wrongfully. However, Evidence Rule 411 permits the court to admit such evidence for another purpose, such as to show that a witness is biased or prejudiced, or to prove agency, ownership, or control. Notwithstanding these exceptions, this court may still exclude evidence if it is irrelevant under Evidence Rule 401, or if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" under Evidence Rule 403.

Here, any general reference to the fact that Kendall is insured or that Federated is its insurer, offered alone and without any case-specific purpose, would not be relevant to a determination of the ultimate issues in this case. Moreover, the probative value of such evidence would be outweighed by any of the issues listed in Evidence Rule 403. But Kendall's request is too broad: it asks this court to exclude all references to Kendall's insurance status, even though such evidence may be admissible in certain contexts for any

ORDER – Motion in Limine to Exclude
Insurance Claims Files and Related Testimony                                                                - 6 -

Case 3:18-cv-00146-HRH   Document 286   Filed 09/16/21   Page 6 of 8

of the permissible purposes listed in Evidence Rule 411. For example, Shideh was initially employed by Federated to investigate certain of the claims that eventually gave rise to this lawsuit. References to the fact that he was employed by Federated may be relevant to show bias, which is a permissible purpose for offering such evidence under Evidence Rule 411.

And while Kendall generally claims that references to its insurance status would prove irrelevant and prejudicial, it fails to explain how or why, in the context of the issues presented in this case – including Kendall's claims and the defendants' asserted defenses – such references would be irrelevant or prejudicial. Additionally, as noted above, Kendall fails to identify any specific evidence that Kendall believes contains improper references to its insurance status.

Thus, to the extent that Kendall is asking this court to exclude references to its insurance status when offered for a purpose prohibited by Evidence Rule 411, that motion is granted. To the extent that Kendall is asking this court to preclude references to its insurance status when offered for a permissible purpose under Evidence Rule 411, the motion is denied without prejudice because Kendall has failed to sufficiently explain how or why any such reference may be irrelevant or prejudicial in the context of the issues presented in this case.

This court grants Kendall's request to exclude references to Kendall's insurance status, but with a caveat. That is, this court excludes such evidence, if and until the proponent of such evidence first applies to this court for permission to admit any such evidence, explains why such evidence is admissible, and this court then finds that it is admissible for the proffered purpose.

## Conclusion

For the reasons set forth above, this court grants Kendall's motion to exclude references to its insurance status when such references are offered for a purpose that runs afoul of Evidence Rule 411's prohibitions. This court grants the remainder of Kendall's motion to exclude reference to its insurance status without prejudice, but only then with the limitation described above. This court denies the remainder of Kendall's motion without prejudice.

DATED at Anchorage, Alaska, this  16th  day of September, 2021.

/s/ H. Russel Holland
United States District Judge