**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KENDALL DEALERSHIP HOLDINGS, LLC,<br><br>                       Plaintiff,<br><br>vs.<br><br>WARREN DISTRIBUTION, INC.,<br><br>                       Defendant.<br><br>WARREN DISTRIBUTION, INC.,<br><br>                     Third-Party Plaintiff,<br><br>vs.<br><br>ELECTRICAL COMPONENTS INTERNATIONAL, INC., and ELECTRICAL COMPONENTS CANADA, INC.,<br><br>                     Third-Party Defendants. | No. 3:18-cv-0146-HRH |

O R D E R

Motion in Limine to Exclude Expert Testimony of Stanley Jaworski

Kendall Dealership Holdings ("Kendall") moves this court in limine to exclude the testimony of defense expert Stanley Jaworski.[1] Warren Distribution ("Warren") and

---

[1] Docket Nos. 252, 283.

Electrical Components International and Electrical Components Canada ("ECI/ECC") jointly oppose this motion.[2] Oral argument has not been requested and is not deemed necessary.

Background

This case arises from Kendall's claims that approximately 8,000 engine block heaters which it purchased from Warren were defective.[3] Warren allegedly purchased the engine block heaters from ECI and ECC allegedly manufactured the heaters.[4] The original PU140-00913 heater ("913 heater") is the only heater that remains at issue. Based on this conduct, Kendall has asserted various claims against Warren, including breach of contract, UTPA, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose.[5] In the course of this litigation, the parties have retained various expert witnesses. At issue here is the proposed testimony of Stanley Jaworski. Warren and ECI/ECC retained Mr. Jaworski as an expert witness to investigate and opine on the cause and origin of the block heater vehicle fires here at issue in order to determine if the heaters were defective and if any defect may have caused the fires.[6]

---

[2] Docket No. 270.

[3] Order on Motion in Limine to Exclude Expert Testimony of Steve Roberts, Docket No. 246.

[4] Third Party Complaint at 3, ¶ 8, Docket No. 21.

[5] Complaint, Exhibit A at 3-5, ¶¶ 16-37, Notice of Lodging of State Court Documents, Docket No. 6.

[6] Stanley Jaworski Expert Report, Exhibit 2 at 2, Motion in Limine to Exclude Stan Jaworski's Expert Testimony, Docket No. 252.

Discussion

Mr. Jaworski is a mechanical engineer, and prior to obtaining that degree and subsequent certification, he was a certified automotive technician.[7] During his deposition, Mr. Jaworski stated that he followed NFPA 921 (that is, the National Fire Protection Association's Guide for Fire Explosions and Investigations) as "the primary standard . . . a guideline that [he] followed" during his investigations.[8]

In his expert report, Mr. Jaworski lists the documents he reviewed in the course of conducting his investigation, as well as the specific vehicles he investigated either in person or via a review of third-party reports.[9] He inspected a Jeep Patriot, a Toyota Tacoma, and a Toyota Highlander in person.[10] Mr. Jaworski explains his observations of the damaged vehicles and includes pictures thereof.[11] Mr. Jaworski also opines on the cause of the fires in these different vehicles, based on his observations from his investigations.[12]

Mr. Jaworski's report additionally contains excerpts from technical reports from Toyota Canada regarding the condition of other vehicles that experienced thermal events,

---

[7] Id. at 30.

[8] Stanley Jaworski Deposition, Exhibit 1 at 4, Motion in Limine to Exclude Stan Jaworski's Expert Testimony, Docket No. 252.

[9] Stanley Jaworski Expert Report, Exhibit 2 at 2-17, Motion in Limine to Exclude Stan Jaworski's Expert Testimony, Docket No. 252.

[10] Id. at 4-11.

[11] Id.

[12] Id. at 12-13.

allegedly from block heater power cables.[13] Mr. Jaworski opines that the block heaters in the following vehicles were incorrectly installed: a Camry, a RAV4, a Sienna, and two Corollas.[14] Additionally, Mr. Jaworski's report contains an excerpt from an email regarding a RAV4; he opines that the block heater in this vehicle was also incorrectly installed.[15] Finally, Mr. Jaworski notes that incorrect installation of engine block heaters increases the risk of thermal events.[16]

Kendall now asks this court to exclude Mr. Jaworski's testimony regarding the cause and origin of the 913 heater fires because Kendall contends that Mr. Jaworski failed to properly follow the standards set forth in the National Fire Protection Association's <u>Guide for Fire Explosions and Investigations</u> ("NFPA 921").[17] Specifically, Kendall argues that Mr. Jaworski failed to follow many of the steps listed in NFPA 921's systematic approach to fire investigation.[18]

Kendall also takes specific issue with Mr. Jaworski's alleged failure to properly follow NFPA 921 during his investigations of the 2015 Jeep Patriot, 2017 Toyota Highlander, 2017 Corolla CVT, 2017 Sienna, and 2016 Toyota 4Runner and with his alleged failure to consider the lack of fire incidents prior to 2016.[19] Kendall contends that because Mr. Jaworski failed to properly follow NFPA 921, his testimony is irrelevant,

---

[13] <u>Id.</u> at 15-17.

[14] <u>Id.</u>

[15] <u>Id.</u> at 17.

[16] <u>Id.</u>

[17] Docket Nos. 252, 283.

[18] Docket No. 252.

[19] <u>Id.</u>

ORDER – Motion in Limine to Exclude Expert Testimony of Stanley Jaworski - 4 -

speculative, misleading, unduly prejudicial, and will not assist the trier of fact, such that it is also subject to exclusion under Federal Rules of Evidence ("Evidence Rules") 401 and 403.[20]

Essentially, Kendall's argument constitutes a contention that Mr. Jaworski's testimony fails to comply with Evidence Rule 702(d), and is therefore inadmissible. Evidence Rule 702(d), as modified in light of Daubert v. Merrell Dow Pharm., 509 U.S. 579 (1993), states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> . . .
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Under this rule, this court must conduct a two-part analysis to determine whether expert testimony is admissible. Specter v. Texas Turbine Conversions, Inc., 519 F. Supp. 3d 576, 583 (D. Alaska 2021) (quoting United States v. Finley, 301 F.3d 1000, 1008 (9th Cir. 2002)). First, "the trial court must make a 'preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue,' i.e., whether the proffered testimony is reliable." Id. Second, "the trial court 'must ensure that the proposed expert testimony is relevant and will serve to aid the trier of fact.'" Id. Put another way,

> [T]he court must assess [an expert's] reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance, but

---

[20] Id.

> the inquiry is a flexible one. Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion. In sum, the trial court must assure that the expert testimony "both rests on a reliable foundation and is relevant to the task at hand."

Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc., 738 F.3d 960, 969 (9th Cir. 2013) (alterations in original) (quoting Primiano v. Cook, 598 F.3d 558, 564 (9th Cir. 2010)).

Expert testimony is relevant if it "will assist the trier of fact to understand or determine a fact in issue." Cooper v. Brown, 510 F.3d 870, 942 (9th Cir. 2007). The testimony "must logically advance a material aspect of the party's case." Id. "'Expert opinion testimony . . . is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline.'" Alaska Rent-A-Car, Inc., 738 F.3d at 969 (quoting Primiano, 598 F.3d at 565)). Daubert's reliability requirement is flexible, and "the trial court has discretion to decide how to test an expert's reliability as well as whether the testimony is reliable, based on 'the particular circumstances of the particular case.'" Id. (quoting Primiano, 598 F.3d at 564)). See also Murray v. S. Route Mar. SA, 870 F.3d 915, 923 (9th Cir. 2017) (quoting Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152-53 (1999)) (because this inquiry is fluid and contextual, district courts are vested with "'broad latitude'" when deciding how to determine if an expert is reliable and whether an expert's relevant testimony is reliable).

An expert's opinion must be grounded on more than subjective belief and unsupported speculation. McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800-01 (6th Cir. 2000) (quoting Pomella v. Regency Coach Lines, Ltd., 899 F. Supp 335, 342 (E.D. Mich. 1995)). It "'should be supported by 'good grounds,' based on what is known.'" Id. at 802. Expert conclusions regarding causation must be based in established fact, not on mere suppositions. Id. And where an expert's opinion is based on assumed facts, those assump-

tions must be supported in the record. Id. Weaknesses in the factual basis of an expert's opinion go to the weight of the evidence, not to admissibility. Id.

At issue here is the adequacy of Mr. Jaworski's adherence to NFPA 921 in his investigation of the block heater vehicle fires in this case. "The NFPA is a nonprofit organization dedicated to fire prevention, and NFPA 921 is a document intended to 'establish guidelines and recommendations for the safe and systematic investigation or analysis of fire and explosion incidents.'" Russell v. Whirlpool Corp., 702 F.3d 450, 454 (8th Cir. 2012) (quoting NFPA 921 § 1.2.1). Kendall does not allege that NFPA 921 is an unreliable method by which to investigate fire incidents. Indeed, courts have previously qualified NFPA 921 as "'a reliable method endorsed by a professional organization' for determining the cause of a fire." Manuel v. MDOW Ins. Co., 791 F.3d 838, 845 (8th Cir. 2015) (quoting Russell, 702 F.3d at 454).

While courts have observed that the method set forth in NFPA 921 is a reliable way to investigate a fire, it is not the only way to investigate a fire, and "an expert who purports to follow NFPA 921 must apply its contents reliably." Russell, 702 F.3d at 455. Thus, as Kendall points out, courts have held that the testimony of an expert who purported to follow NFPA 921 may only be excluded on NFPA 921 grounds if the expert did not reliably apply the methodology to the fire investigation at issue. Id. See also State Farm Fire & Cas. Co v. Steffen, 948 F. Supp. 2d 434, 443-46 (E.D. Pa. 2013). But courts have further held that where NFPA 921 serves as only a guide, then the expert's testimony may be admitted. Russell, 702 F.3d at 455-56. Indeed, this court previously observed in its June 9, 2021, order on Warren and ECI/ECC's joint motion for summary judgment that

NFPA 921 provides nonmandatory provisions; that is, it provides guidelines and recommendations.[21]

Kendall does not cite a single case from this circuit, and the court has found none, which stands for the proposition that any deviation from the NFPA 921 model renders an expert's testimony per se unreliable and thus inadmissible. Indeed, the Ninth Circuit takes a different approach to issues stemming from adherence to protocol, or to proper methodology. See City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1047-48 (9th Cir. 2014).

> In the Ninth Circuit, . . . expert evidence is inadmissible where the analysis "is the result of a faulty methodology or theory as opposed to imperfect execution of laboratory techniques whose theoretical foundation is sufficiently accepted in the scientific community to pass muster under Daubert". . . . The rationale of this approach is that "[a] minor flaw in an expert's reasoning or a slight modification of an otherwise reliable method" does not render expert testimony inadmissible. . . . A more measured approach to an expert's adherence to methodological protocol is consistent with the spirit of Daubert and the Federal Rules of Evidence: there is a strong emphasis on the role of the fact finder in assessing and weighing the evidence.

Id. at 1047-48 (quoting United States v. Chischilly, 30 F.3d 1144, 1154 & n.11 (9th Cir. 1994), and Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 267 (2d Cir. 2002) (alterations in original), respectively, and citing Daubert, 509 U.S. at 594-95).

Put another way, in the Ninth Circuit, "the . . . rule of law[] [is that] only a faulty methodology or theory, as opposed to imperfect execution of laboratory techniques, is a valid basis to exclude expert testimony." Id. at 1048 (citing Chischilly, 30 F.3d at 1154). See also United States v. Idaho Cty. Light and Power Coop. Ass'n, Inc., No. 3:17-cv-0391,

---

[21] Docket No. 244.

ORDER – Motion in Limine to Exclude Expert Testimony of Stanley Jaworski    - 8 -

2020 WL 603478, at *7-*9, (D. Idaho Feb. 7, 2020) (applying rule set forth in City of Pomona, 750 F.3d at 1047-48, in denial of party's motion in limine to preclude expert witness testimony on the basis that the expert departed from NFPA 921 during expert's fire origin investigation, and citing NFPA 921 §§ 1.3.1 – 1.3.5 in support of its observation that by NFPA 921's own terms, "its provisions are intended to be guidelines, given every fire incident is unique, and . . . not all techniques will be applied in a particular investigation").

Thus, any flaws in an expert's "NFPA 921 methodology go the weight of [the expert's] testimonial evidence, not to the question of its admissibility." State Farm Fire & Cas. Co. v. Hewlett-Packard Co., No. 13-CV-0328-TOR, 2015 WL 5821898, at *4-*5 (E.D. Wash. Oct. 5, 2015) (when party moved to preclude expert witness' testimony on the ground that his methodology deviated from NFPA 921 standards, court denied motion on that ground). See also Glassman v. Home Depot USA, Inc., No 2:16-cv-07475-ODW-E, 2018 WL 3569344, at *4-*5 (C.D. Cal. July 20, 2018) (flaws in NFPA 921 implementation can be attacked on cross-examination); Schlesinger v. United States, 898 F. Supp. 2d 489, 504 (E.D.N.Y. 2012) (finding that failure to follow the methodology in NFPA 921 does not automatically require exclusion of expert testimony on the cause and origin of a fire). Compare Phila. Indem. Ins. Co. v. BMW of N. Am. LLC, No. CV-13-01228-PHX-JZB, 2015 WL 5693525, at *6 (D. Ariz. Sept. 29, 2015) (stating that the testimony of experts who assert that they complied with the standards set forth in NFPA 921 "is reliable to the extent they complied with NFPA 921 in forming their opinions"); Allstate Ins. Co. v. Ford Motor Co., No. CV-08-2276-PHX-NVW, 2010 WL 1654145, at *5 (D. Ariz. Apr. 10, 2010) (expert testimony is reliable if expert complied with either NFPA 921 or general scientific method).

As explained above, in this case, Kendall does not allege that NFPA 921 is an improper methodology, but instead argues that Mr. Jaworski's testimony should be precluded because he deviated from NFPA 921's guidelines on numerous occasions. But, as also explained above, such deviation does not constitute a legal basis for excluding Mr. Jaworski's testimony under Evidence Rule 702(d) and City of Pomona. A deviation from NFPA 921 does not render his testimony unreliable. The alleged weaknesses in Mr. Jaworski's testimony goes to the weight of the evidence, not to its admissibility. State Farm Fire & Cas. Co. v. Hewlett-Packard Co., 2015 WL 5821898, at *4. Kendall may address the alleged weaknesses in Mr. Jaworski's testimony through cross-examination; preclusion is not appropriate. Alaska Rent-A-Car, Inc., 738 F.3d at 969.

Kendall's contentions that because Mr. Jaworski failed to properly follow NFPA 921, his testimony is excludable as irrelevant, speculative, misleading, unduly prejudicial, and as unhelpful to the trier of fact, are also without merit. Rather, a review of his expert report shows that his proffered conclusions are relevant and potentially helpful to the trier of fact. Nor are they speculative. They are based on his personal observation of the vehicles at issue, as well on his review of related investigative reports and other documentary materials – including NFPA 921. Accordingly, his conclusions are not misleading or unduly prejudicial to Kendall. Rather, Mr. Jaworski's proposed testimony is both relevant and reliable, and thus admissible under Evidence Rule 702(d).

## Conclusion

Kendall's motion in limine to exclude Stanley Jaworski's testimony is denied.

DATED at Anchorage, Alaska, this  23rd  day of September, 2021.

                                                /s/ H. Russel Holland
                                                United States District Judge