**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

KENDALL DEALERSHIP HOLDINGS, )
LLC, )
)
Plaintiff, )
vs. )
)
WARREN DISTRIBUTION, INC., )
)
Defendant. )
_____ )
)
WARREN DISTRIBUTION, INC., )
)
Third-Party Plaintiff, )
) No. 3:18-cv-0146-HRH
vs. )
)
ELECTRICAL COMPONENTS )
INTERNATIONAL, INC., and ELECTRICAL )
COMPONENTS CANADA, INC., )
)
Third-Party Defendants. )
_____ )

<u>O R D E R</u>

Motions in Limine to Exclude Late-Filed Disclosures
and Responses to Interrogatories and to Exclude
<u>Sean Shideh's Second Supplemental Expert Report</u>

Electrical Components International, Inc., and Electrical Components Canada, Inc.

("ECI/ECC") moves this court in limine to exclude Kendall Dealership Holdings

("Kendall")'s late-filed disclosures and responses to interrogatories, specifically, Kendall's

twenty-eighth supplemental disclosures and Kendall's second supplemental response to

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report                    - 1 -

Case 3:18-cv-00146-SLG   Document 288   Filed 09/30/21   Page 1 of 22

ECI/ECC's Interrogatory Nos. 7-10 of its first discovery requests.[1]  Warren does not join in

this motion.  Additionally, ECI/ECC and Warren Distribution ("Warren") jointly move this

court in limine to exclude Kendall expert witness Sean Shideh's second supplemental

expert report.[2]  Both motions are opposed.[3]  Oral argument has not been requested on either

motion and is not deemed necessary.

Background

Kendall contends that approximately 8,000 block heaters which it purchased from

Warren were defective.[4]  ECC allegedly manufactured the heaters and ECI allegedly sold

these to Warren.[5]  The only version of engine block heater still at issue is the PU140-00913

heater ("913 heater").[6]  Toyota Canada recalled certain accessory block heaters in July

2017.[7]

Kendall commenced this case in May 2018, and thereafter this court entered its first

scheduling order.[8]  This court entered its second amended scheduling and planning order on

---

[1] Docket Nos. 255 and 278.

[2] Docket Nos. 256, 279, and 282.

[3] Docket Nos. 267 and 263.

[4] SEALED ORDER - Motion to Exclude Shideh Testimony, Docket No. 247.

[5] Id.

[6] Id.

[7] Toyota Canada Recall News Release, Exhibit C, Joint Motion to Strike Shideh Testimony, Docket No. 128-3.

[8] Scheduling and Planning Order, Docket No. 11, and SEALED ORDER - Motion to Exclude Shideh Testimony, Docket No. 247.

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report          - 2 -

August 21, 2019, and various additional amendments on March 11, 2020.[9]  Thereunder, Kendall's expert  disclosures were due December 3, 2019.[10]  Following additional amendments, various deadlines were further extended:  Warren and ECI/ECC's expert disclosures were then due July 24, 2020, Kendall's expert rebuttal report was due August 24, 2020, and discovery did not close until September 17, 2020.[11]

On October 20, 2020, after the close of discovery and the deposition of Kendall expert witness Sean Shideh, Kendall supplemented its response to ECI/ECC's Interrogatory No. 7.[12]  In this interrogatory, ECI/ECC had asked Kendall to "identify any vehicle in which a block engine heater cord melted or was physically damaged as a result of actions you allege were wrongful by ECI or ECC."[13]  In Kendall's October 2020 supplemental response, it identified five additional vehicles[14] that it had not initially disclosed.[15]  Kendall did not here supplement its responses to Interrogatories Nos. 8-10.  In these interrogatories,

---

[9] Second Amended Scheduling and Planning Order, Docket No. 55, and Order - Second Amended Scheduling Order Amendments, Docket No. 75.

[10] Id.

[11] Order from Chambers - Joint Motion to Extend Deadline, Docket No. 92, and Order from Chambers - Extension of Time, Docket No. 110.

[12] Kendall's Second Supplemental Responses to ECI/ECC's First Discovery Requests, Exhibit E at 2-5, ECI/ECC's Motion in Limine to Exclude Late-Filed Disclosures and Responses to Interrogatories, Docket No. 255-5.

[13] Id.

[14] ECI/ECC argues that Kendall added four new vehicles, but describes five new vehicles in its motion.

[15] Kendall's Second Supplemental Responses to ECI/ECC's First Discovery Requests, Exhibit E at 2-5, ECI/ECC's Motion in Limine to Exclude Late-Filed Disclosures and Responses to Interrogatories, Docket No. 255-5.

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report                    - 3 -

ECI/ECC had asked Kendall to also identify any vehicle in which an engine fire, engine smoking, or block heater or vehicle damage occurred as a result of allegedly wrongful actions by ECI/ECC.[16] In its prior responses to these interrogatories, Kendall had simply adopted by reference the same vehicles listed in its answer to Interrogatory No. 7.[17]

On January 21, 2021, Kendall served its twenty-eighth supplemental disclosures on ECI/ECC and Warren.[18] These disclosures consisted of discovery that Kendall had recently obtained from Toyota Canada.[19] Kendall then produced Sean Shideh's second supplemental expert report on March 22, 2021.[20] Shideh had generated this report in response to his review of the materials contained in Kendall's twenty-eighth supplemental disclosures.[21]

ECI/ECC now seeks exclusion of Kendall's supplemental response to Interrogatory Nos. 7-10 and of Kendall's twenty-eighth supplemental disclosures.[22] ECI/ECC seeks exclusion pursuant to Federal Rules of Civil Procedure ("Civil Rule") 26(a)(1) and

---

[16] Kendall's Responses to ECI/ECC's First Discovery Requests, SEALED Exhibit K at 5-7, Motion in Limine to Exclude Shideh Testimony, Docket No. 131-11.

[17] Id.

[18] Kendall's Twenty-Eighth Supplemental Disclosures, Exhibit B, ECI/ECC's Motion in Limine to Exclude Late-Filed Disclosures and Responses to Interrogatories, Docket No. 255-2.

[19] Id.

[20] Kendall's Twenty-Ninth Supplemental Disclosures, SEALED Exhibit 6, Kendall's Opposition to ECI/ECC and Warren's Joint Motion in Limine to Exclude Sean Shideh's Second Supplemental Expert Report, Docket No. 272-3.

[21] Sean Shideh Second Supplemental Expert Report, Exhibit A at 1, ECI/ECC and Warren's Joint Motion in Limine to Exclude Sean Shideh's Second Supplemental Expert Report, Docket No. 256-1.

[22] Docket Nos. 255 and 278.

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report          - 4 -

37(c)(2).[23]  ECI/ECC also incorporates its arguments from its reply brief regarding its motion in limine to exclude Sean Shideh's second supplemental expert report, and in so doing, argues that under Civil Rule 16(b)(4), there exists no good cause to modify the scheduling and planning order, and thereby permit this discovery.[24]

ECI/ECC and Warren jointly seek exclusion of Sean Shideh's second supplemental expert report pursuant to Civil Rule 26(e)(2) and Plumley v. Mockett, 836 F. Supp. 2d 1053, 1061-62 (C.D. Cal. 2010).[25]  ECI/ECC and Warren also request exclusion under Civil Rule 16(b)(4), because there exists no good cause to modify the court's scheduling order.[26]

Discussion

Civil Rule 26 concerns general provisions regarding discovery, including the duty to disclose.  Under subsection (a)(1)(A)(i) of this rule, a party must, as part of its initial disclosures, and without waiting for a discovery request, provide to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses. . . ."  Parties must make disclosures based on the information reasonably available.  Civil Rule 26(a)(1)(E).  A party who has made a

---

[23] It appears that ECI/ECC's initial reliance on Civil Rule 37(c)(2) is a typo, as this rule pertains to sanctions for insufficient responses to requests for admission.  ECI/ECC most likely means Civil Rule 37(c)(1), which pertains to sanctions for failures to disclose or supplement, and is the version of the rule that ECI/ECC discusses in greater detail later in its motion.

[24] Docket Nos. 278 and 279.

[25] Docket Nos. 256, 279, 282.

[26] Docket No. 279.

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report                 - 5 -

disclosure under Civil Rule 26(a) or has responded to an interrogatory, request for admission, or request for production, must supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Civil Rule 26(e)(1)(A). "Supplementation is typically borne from 'information that was not available at the time of initial disclosure.'" Specter v. Texas Turbine Conversions, Inc., No. 3:17-cv-00194-TMB, 2021 WL 1165717, at *2 (D. Alaska Mar. 26, 2021) (quoting Cross-Fit, Inc. v. Nat'l Strength & Conditioning Assoc., No. 14cv1191-JLS(KSC), 2018 WL 3491854, at *8 (S.D. Cal. July 18, 2018)).

"'Supplementation . . . means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.'" In re Crash of Aircraft N93PC on July 7, 2013, at Soldotna, Alaska, No. 3:15-cv-0112-HRH, 2020 WL 1932936, at *3 (D. Alaska Apr. 21, 2020) (alteration in original) (quoting Reinsdorf v. Sketchers U.S.A., 922 F. Supp. 2d 866, 880 (C.D. Cal. 2013)). Courts have accordingly rejected expert reports that "'were significantly different' from the expert's original report and effectively altered the expert's theories", or those that "attempted to 'deepen' and 'strengthen' the expert's prior reports." Lindner v. Meadow Gold Dairies, Inc., 249 F.R.D. 625, 639 (D. Haw. 2008) (quoting Beller ex. rel. Beller v. United States, 221 F.R.D. 696, 701 (D.N.M. 2003)).

Ultimately, the requirement to supplement disclosures when necessary does not permit parties to introduce new expert opinions "after the disclosure deadline under the guise of a 'supplement.' . . . [Parties cannot] sandbag . . . [each other] with claims and

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report          - 6 -

issues which should have been included . . . from the outset[].” Plumley v. Mockett, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (quoting Beller ex. rel. Beller, 221 F.R.D. at 701).

Civil Rule 37(c)(1), in turn, permits a court to impose various sanctions against a party who fails to properly disclose or supplement under Civil Rule 26, subsections (a) and (e). Under this rule, if a party fails to properly provide information or identify a witness, “the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.” However, a court is not required to impose this particular sanction. “In addition to or instead of this sanction, the court, on motion and after giving opportunity to be heard” has discretion to impose other “appropriate sanctions”, which include, but are not limited to, those options listed in Civil Rule 37(c)(1)(A)-(C) and those orders set forth at Civil Rule 37(b)(2)(A)(i)-(vi). The Ninth Circuit affords “‘particularly wide latitude to the district court’s discretion to issue sanctions under [Civil] Rule 37(c)(1).’” Plumley, 836 F. Supp. 2d at 1064 (quoting Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)).

When a party fails to offer any explanation of substantial justification for or fails to show the harmlessness of an untimely disclosure, an exclusionary sanction may be warranted. Plumley, 836 F. Supp. 2d at 1064. Such a sanction may also be warranted when a party fails to adequately explain its failure to comply with the scheduling order. Trilogy Comm., Inc. v. Times Fiber Comm, Inc., 109 F.3d 739, 744-45 (Fed. Cir. 1997). The party requesting sanctions bears the initial burden of establishing that the other party failed to comply with the disclosure requirements of Civil Rule 26. Silvagni v. Wal-Mart Stores, Inc., 320 F.R.D. 237, 241-42 (D. Nev. 2017).

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh’s Second Supplemental Expert Report                    - 7 -

But the party facing sanctions bears the burden of proving harmlessness or substantial justification. R & R Sails, Inc. v. Ins. Co. of Pa., 673 F.3d 1240, 1246 (9th Cir. 2012). Various factors guide a determination of whether substantial justification or harmlessness exist. Silvagni, 320 F.R.D. at 242. These factors include the following: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." Id. If the party facing sanctions establishes either substantial justification or harmlessness, then imposition of an exclusion sanction is improper. Id.

A. Kendall's Responses to ECI/ECC's Interrogatory Nos. 7-10

ECI/ECC believes that in October 2020, Kendall untimely supplemented its response to Interrogatory Nos. 7-10 when Kendall identified five new vehicles "in which a block heater engine cord melted or was physically damaged as a result of actions . . . [Kendall] allege[s] were wrongful by ECI or ECC". Kendall had previously responded to Interrogatories Nos. 8-10 by incorporating by reference its prior response to Interrogatory No. 7. According to ECI/ECC, these "newly identified" vehicles include a 2015 Chrysler, a Toyota Camry, license plate JUE-751 ("JUE-751 Camry"), a 2017 Lexus NX 300, a 2016 Toyota 4Runner, and a 2017 Toyota Tacoma SR5.[27, 28] ECI/ECC now contends that

---

[27] ECI/ECC observes that the 4Runner and Tacoma were also newly added to Kendall's supplemental Interrogatory Nos. 7-10, but does not explicitly argue that Kendall should be precluded from relying on these vehicles.

[28] ECI/ECC's Motion in Limine to Exclude Late-Filed Disclosures and Responses to Interrogatories, Docket No. 255.

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report          - 8 -

Kendall should be precluded from relying on these vehicles in support of its theory of liability in this case.

As an initial matter, Kendall had already identified a 2017 Lexus NX 300, a 2016 Toyota 4Runner, and a 2017 Toyota Tacoma in its June 24, 2019, initial response to Interrogatory No. 7 – albeit with fewer identifying details than were provided in Kendall's supplemental response, namely, without VIN numbers and some additional details regarding damage, repairs, and inspection.[29]  In December 2019, Kendall disclosed the report of its expert witness, Sean Shideh, which included photos of a 2017 Lexus that Shideh had investigated.[30]  And in May 2020, Kendall again disclosed the existence of a 2016 4Runner and a 2017 Tacoma in its seventeenth supplemental disclosures.[31, 32]   In its opposition brief, Kendall further contends that it disclosed information regarding the 2017 Tacoma SR5 in its amended twenty-third supplemental disclosures, and ECI/ECC does not dispute this in its reply brief.[33]  ECI/ECC has not shown that the Lexus, 4Runner, and

---

[29] Kendall's Responses to ECI/ECC's First Discovery Requests, SEALED Exhibit K at 5-6, ECI/ECC and Warren's Joint Motion in Limine to Exclude Shideh Testimony, Docket No. 131-11.

[30] Kendall's Twelfth Supplemental Disclosures, SEALED Exhibit G at 8-30, ECI/ECC and Warren's Joint Motion in Limine to Exclude Shideh Testimony, Docket No. 131-7.

[31] In its opposition brief to ECI/ECC's motion, Kendall states that its seventeenth supplemental disclosures contain documents pertaining to the 2016 4Runner. Additionally, they contain documents referencing a 2017 Tacoma.

[32] Kendall's Seventeenth Supplemental Disclosures, SEALED Exhibit 3 at 2, 5, 11-13, 15-16, Kendall's Opposition to ECI/ECC Motion in Limine to Exclude Late-Filed Disclosures and Responses to Interrogatories, Docket No. 272-1.

[33] Docket Nos. 263 and 278.

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report                    - 9 -

Tacoma SR5 disclosed in the October 2020 supplemental response are different from any of those that were previously disclosed.

It is ECI/ECC's burden under <u>Silvagni</u> to show that Kendall failed to comply with Civil Rule 26's disclosure requirements. Moreover, "as a procedural matter, the movant should identify the particular evidence at issue and articulate with specificity the arguments supporting the position that the particular evidence is inadmissible on any relevant ground. A court [has] discretion to deny a motion in limine that fails to identify the evidence with particularity or to present arguments with specificity." <u>United States. v. Cline</u>, 188 F. Supp. 2d 1287, 1292 (D. Kan. 2002) (citing <u>National Union v. L.E. Myers Co. Group</u>, 937 F. Supp. 276, 287 (S.D.N.Y.1996)), <u>aff'd</u>, 349 F.3d 1276 (10th Cir. 2003). Because it is unclear if ECI/ECC now seeks exclusion of a Lexus, 4Runner, or Tacoma different from any that were previously, timely disclosed, ECI/ECC's motion to exclude these portions of Kendall's supplemental response to Interrogatory No. 7 is denied. And while Kendall technically did not supplement its responses to Interrogatory Nos. 8-10, Kendall's answers to these interrogatories include by reference the same vehicles identified in Interrogatory No. 7. Accordingly, ECI/ECC's motion to exclude these portions of any supplemental response to these interrogatories is also denied.

This court now turns to the remaining "newly identified" vehicles in Kendall's October 2020 supplemental response to Interrogatory No. 7: the 2015 Chrysler and the JUE-751 Camry. In Kendall expert witness Sean Shideh's report, which Kendall disclosed in December 2019, Shideh stated that he inspected two non-Toyota vehicles and three

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report                    - 10 -

Case 3:18-cv-00146-SLG   Document 288   Filed 09/30/21   Page 10 of 22

Toyota Lexus vehicles [34] on behalf of Kendall's insurance provider.[35] Included in this report were various photos of certain of the vehicles that Shideh investigated, including of the JUE-751Camry and 2015 Chrysler.[36] On September 14, 2020, just before the close of discovery, Kendall again disclosed photos from Shideh's investigation of the JUE-75 Camry and the 2015 Chrysler in its twentieth supplemental disclosures.[37] ECI/ECC deposed Shideh on that same day.[38]

ECI/ECC now contends that it did not question Shideh about his inspection of the 2015 Chrysler and the JUE-751 Camry because while ECI/ECC was aware that Shideh had inspected those vehicles, it did not believe that Kendall was relying on them in this case, based on its prior responses to Interrogatory Nos. 7-10. Therefore, ECI/ECC contends that Kendall should now be precluded from relying on those vehicles in support of its theory of liability.

Kendall argues that its disclosure was sufficient under Civil Rule 26(e)(1) because it disclosed the existence of these vehicles in May and September 2020, in its disclosure of

---

[34] Shideh states that he inspected six vehicles, but he only describes five.

[35] Kendall's Twelfth Supplemental Disclosures, SEALED Exhibit G at 4-30, ECI/ECC and Warren's Joint Motion to Exclude Testimony of Sean Shideh, Docket No. 131-7.

[36] Id. at 8-30.

[37] Kendall's Twentieth Supplemental Disclosures, SEALED Exhibit 4, Kendall's Opposition to ECI/ECC and Warren's Joint Motion in Limine to Exclude Sean Shideh's Second Supplemental Expert Report, Docket No. 272-2.

[38] Shideh Deposition Notice, Exhibit A at 2, ECI/ECC's Motion in Limine to Exclude Late-Filed Disclosures and Responses to Interrogatories, Docket No. 255-1.

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report                    - 11 -

"discoverable documents",[39] and because Shideh discussed the 2015 Chrysler and the JUE-751 Camry at his deposition. Kendall additionally contends that the timing of these disclosures was reasonable, based on when Kendall learned about these vehicles. Finally, Kendall asserts that its disclosure if untimely was substantially justified or harmless, as it simply constituted an "update[] [to] its prior response to correspond with recent supplemental disclosures." In reply, ECI/ECC contends that Kendall had sufficient opportunity to amend its responses to the interrogatories prior to the close of discovery, but chose not to do so, and should not now "be permitted to completely re-do its theories of liability after close of discovery."[40]

The evidence in this case shows that ECI/ECC was aware of the 2015 Chrysler and the JUE-751 Camry prior to Shideh's deposition and the close of discovery. As set forth above, under Civil Rule 26(a), a party is only required to supplement a prior disclosure if the party learns that in some material respect, the prior disclosure was incomplete or incorrect, and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing. In this case, the 2015 Chrysler and the JUE-751Camry were otherwise made known to ECI/ECC through Shideh's expert report. Accordingly, Kendall was not required to identify these vehicles in a supplemental response to Interrogatory No. 7. ECI/ECC's motion to exclude this portion of Kendall's response to Interrogatory No. 7 is therefore denied. And, as noted above,

---

[39] Kendall's Seventeenth and Twentieth Supplemental Disclosures, SEALED Exhibits 3 and 4, Kendall's Opposition to ECI/ECC and Warren's Joint Motion in Limine to Exclude Sean Shideh's Second Supplemental Expert Report, Docket Nos. 272-1 and 272-2.

[40] Docket No. 278.

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report                - 12 -

while Kendall technically did not supplement its responses to Interrogatory Nos. 8-10, Kendall's answers to these interrogatories include by reference the same vehicles identified in Interrogatory No. 7. Accordingly, ECI/ECC's motion to exclude these portions of any supplemental response to these interrogatories is also denied.

### B. Kendall's Twenty-Eighth Supplemental Disclosures

On January 21, 2021, approximately four months after the close of discovery, Kendall served its twenty-eighth supplemental disclosures on ECI/ECC and Warren.[41] Counsel for Kendall had apparently been aware, for some undisclosed amount of time, that Toyota Canada had conducted temperature profiling on the 913 heater "as well as investigation, testing, and possible root cause analysis of the thermal events experienced in Toyota Canada vehicles equipped with 913 block heaters."[42] It appeared that Kendall had been trying to obtain discovery from Toyota Canada since October 2019 and had been in contact with Toyota Canada's general counsel.[43] It further appears that Kendall never informed ECI/ECC, Warren, or this court that it was conducting such discovery, even though these efforts involved ex parte communications with the Ontario Superior Court of Justice in Canada.[44] Kendall did not move to modify the court's scheduling order, nor did

---

[41] Kendall's Twenty-Eighth Supplemental Disclosures, Exhibit B, ECI/ECC's Motion to Exclude Late-Filed Disclosures and Responses to Interrogatories, Docket No. 255-2.

[42] Affidavit of Counsel, Exhibit 1 at 2, Kendall's Opposition to ECI/ECC's Motion to Exclude Late-Filed Disclosures and Responses to Interrogatories, Docket No. 267-2.

[43] Id.

[44] Id. See also Declaration of Counsel, Docket No. 257.

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report                    - 13 -

Kendall move prior to the close of discovery for leave to pursue discovery from Toyota Canada.

In January 2021, Kendall eventually received an order from the Ontario Superior Court of Justice that directed Toyota Canada to produce various documents.[45]  These documents included notice of defect and amended notice of defect regarding vehicles installed with the 913 heater, which Toyota Canada filed with Transport Canada; a Toyota Canada block heater thermal event "'A3'" document; and "raw data and summary document regarding temperature profiling conducted by [Toyota Canada] on [913] accessory engine block heaters."[46]  The Ontario court also ordered Toyota Canada to produce a representative for deposition regarding the 913 heater and to conduct an electronic search for additional documents, should Kendall need others.[47]  Kendall then disclosed the documents that it received pursuant to this order to ECI/ECC.  ECI/ECC describes the contents of the January 21, 2021, disclosures as "documents contain[ing] extensive analysis, evaluation and testing of some of the vehicles involved in thermal events in Canada."[48]

---

[45] Affidavit of Counsel, Exhibit 1 at 3, Kendall's Opposition to  ECI/ECC's Motion to Exclude Late-Filed Disclosures and Responses to Interrogatories, Docket No. 267-2.

[46] Order from Ontario Superior Court of Justice, Exhibit 2 at 1-2, Kendall's Opposition to  ECI/ECC's Motion to Exclude Late-Filed Disclosures and Responses to Interrogatories, Docket No. 267-3.

[47] Id. at 2.

[48] ECI/ECC's Motion to Exclude Late-Filed Disclosures and Responses to Interrogatories, Docket No. 255.

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report                    - 14 -

ECI/ECC now asks this court to preclude Kendall from admitting any of the documents listed in its twenty-eighth supplemental disclosures. ECI/ECC contends that these disclosures were untimely and not substantially justified and are not harmless, and that Kendall could have disclosed them during the discovery period, prior to the issuance of expert reports, expert depositions, and briefing on dispositive motions. ECI/ECC contends that Kendall's motivation for serving these documents was to assert a new manufacturing defect theory.

In its opposition brief, Kendall notes that these new disclosures concern defects in the 913 heater and the Canadian recall thereof. Kendall contends that this supplement properly complies with Civil Rule 26(e)(1) because Kendall had been diligently working to obtain the documents that comprise these disclosures since the fall of 2019. Kendall argues that it was Toyota Canada's uncooperativeness, and Covid-19 related delays at the Ontario court, that caused the untimely disclosure of these documents. Kendall notes that it disclosed these documents within days of its own receipt of them.

In reply, ECI/ECC argues that Kendall did not diligently attempt to obtain these documents because the procedure that Kendall used to obtain these documents was improper. ECI/ECC asserts that Kendall should have attempted to procure letters of request from this court (i.e., letters rogatory), and then used these letters to obtain the documents.

As an initial matter, ECI/ECC has failed to attach to its pleadings copies of the documents that it now seeks to exclude. However, because ECI/ECC seeks exclusion based on the timing of Kendall's disclosure, and because ECI/ECC has described the nature

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report                    - 15 -

of these documents with particularity, this court need not deny this motion on this basis. See Cline, 188 F. Supp. 2d at 1290.

Civil Rule 26(e) required Kendall to timely disclose the documents identified in its twenty-eighth disclosures, based on information reasonably available, as well as to timely correct any information that it had provided in its initial disclosures. Under Civil Rule 26(a)(1)(A)(i), this means that Kendall would have had to supplement any previously disclosed information concerning the identity of anyone likely to have discoverable information, along with the subjects of that information, that Kendall contemplated using to support its claims or defenses.

As Kendall's counsel has averred, Kendall was aware, at least as early as October 2019, that Toyota Canada, and particularly its general counsel, likely possessed the documents here at issue. Thus, while Kendall may not have been able to disclose the documents at that time, it was required to timely disclose its knowledge that Toyota Canada had this information, as well as the subject of this information, in a timely manner. Determination of the proper timing for this disclosure is based on when Kendall first learned that Toyota Canada had this information, which was at least as early as October 2019.

Yet Kendall waited until January 2021, after it had received the documents here at issue, and long after the close of discovery, before providing its supplemental disclosures. This is not a reasonable delay, especially since discovery closed in September 2020, after various amendments extending that and other pretrial deadlines. These documents are therefore subject to exclusion under Civil Rule 37(c)(1) unless Kendall can show that its failure to timely supplement its disclosures was harmless or justified. The court must

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report          - 16 -

Case 3:18-cv-00146-SLG   Document 288   Filed 09/30/21   Page 16 of 22

consider the four factors set forth in <u>Silvagni</u>, 320 F.R.D. at 237, in order to determine if exclusion is justified.

Turning to these factors, it appears that allowing Kendall to rely on these documents would prejudice ECI/ECC. This is so because ECI/ECC was not aware of the contents of the documents here at issue when it engaged in discovery, and thus did not engage in discovery efforts that accounted for the information contained in these documents. And ECI/ECC would not now be able to cure this prejudice because discovery is closed. To allow these untimely disclosures would not disrupt trial, as no trial date has been set. However, to permit Kendall to rely on the documents contained in these disclosures would require discovery to be re-opened, including renewed efforts to procure additional discovery from Toyota Canada. This would all likely necessitate new expert reports and might require the filing of new dispositive motions. Such additional discovery and motion practice would undoubtedly prove expensive and time-consuming.

Finally, it appears that Kendall's failure to timely supplement its Civil Rule 26(a) disclosures was willful, if not in bad faith. Kendall was aware, a least as early as October 2019, that Toyota Canada might have possessed the documents here at issue. Yet Kendall allowed this court to enter various amendments to its scheduling order between October 2019 and January 2021, including extensions of deadlines for expert disclosure, expert rebuttals, and discovery, without ever informing the court or ECI/ECC that it was attempting to procure discovery from Canada, and that it may need more time to obtain this discovery.

Kendall never requested an extension to allow for timely procurement of this discovery. Indeed, even after it became apparent that Toyota Canada would not cooperate

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report                    - 17 -

without an order from a Canadian court, Kendall did not then come to this court and request issuance of a letter rogatory, or a letter of request, which is the manner for obtaining foreign discovery contemplated in Civil Rule 28. See also Asis Internet Servs. v. Optin Global, Inc., No. C-05-015124 JCK, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007) (letters rogatory can include requests for document production). Instead, Kendall waited until it received the documents here at issue before deciding to disclose its knowledge of their existence to ECI/ECC. Kendall has failed to show that its failure to timely disclose its knowledge of these documents was substantially justified, or that it was harmless. Exclusion is therefore warranted.

ECI/ECC's motion to exclude Kendall's twenty-eighth supplemental disclosures is granted.

C. Sean Shideh's Second Supplemental Expert Report

Kendall retained automotive and mechanical engineer Sean Shideh as an expert witness in August 2019.[49] Kendall disclosed Shideh's expert report on December 1, 2019, his rebuttal report on August 24, 2020, and his addendum report on November 19, 2020, following the conclusion of his September 14, 2020, deposition.[50] ECI/ECC and Warren moved to strike the November 19, 2020, report, and the court granted that motion on March 9, 2021.[51]

---

[49] Order on Motion to Strike Sean Shideh's Supplemental Expert Report, Docket No. 210.

[50] Id.

[51] Id.

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report          - 18 -

Shideh's original December 1, 2019, report contained three conclusions.[52]  First, that "[e]rrors in installation procedures of . . . 913 [heaters] by Toyota dealer technicians cannot be considered a factor in these fires."[53]  Second, that "[f]ires occurring in this specific period also cannot be related to sudden changes in engine design and engine compartment packaging by Toyota, as noted by ECI/ECC as a possibility for the reason of heaters experiencing high temperatures."[54]  And third, that "[t]he evidence pointed to a manufacturing defect in the assembly of the heater female connector in 2016 and early 2017, which appears to have been successfully remedied after improvements in the ECI/ECC operations and/or countermeasures put in the new part."[55]

Kendall produced Shideh's second supplemental report on March 22, 2021.[56]  Shideh generated this report in response to his review of the materials contained in Kendall's twenty-eighth supplemental disclosures.[57]  He noted that the documents provided contained Toyota Canada's "examination of 2016-2017 Toyota vehicle fires equipped with a [913 heater] . . . in Canada and temperature tests performed on block heaters installed in

---

[52] Kendall's Twelfth Supplemental Disclosures, SEALED Exhibit G at 6-7, SEALED ECI/ECC and Warren's Joint Motion to Exclude Sean Shideh's Testimony, Docket No. 131-7.

[53] Id. at 6.

[54] Id.

[55] Id. at 7.

[56] Kendall's Twenty-Ninth Supplemental Disclosures, SEALED Exhibit 6, Kendall's Opposition to ECI/ECC and Warren's Joint Motion in Limine to Exclude Sean Shideh's Second Supplemental Expert Report, Docket No. 272-3.

[57] Id. at 4.

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report                    - 19 -

exemplar vehicles, etc."[58]  Shideh also summarized certain of the information that Kendall had received from Toyota Canada.[59]  Shideh concluded that his "review of the supplemental disclosures clearly confirmed Shideh Engineering's position, as stated in prior reports, that the . . . 913 [heater] was a defective product as the result of manufacturing errors and poor quality check procedure."[60]

ECI/ECC and Warren now jointly move to exclude Shideh's second supplemental expert report under Civil Rule 37(c)(1), even if this court finds that it constitutes a supplemental report under Civil Rule 26(e)(2).  ECI/ECC contends that his new report should be excluded because it posits a new theory of manufacturing defect liability, based on the previously discussed documents that were untimely disclosed in Kendall's twenty-eighth supplemental disclosures.

Kendall opposes.  In its opposition brief, Kendall asserts that its supplementation of Shideh's report at this time is justified and that any supplementation is harmless.  Kendall contends that Shideh's supplement does not present new theories of liability.  In reply, ECI/ECC points out that Shideh's second supplemental addendum contains no new opinions, but instead just reiterates his previously stated opinion that there existed "manufacturing defects."

Shideh's second supplemental expert report was based on the documents that Kendall recently received from Toyota Canada, which were not available at the time he

_____

[58] Id.

[59] Id. at 4-5.

[60] Id. at 4.

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report                    - 20 -

conducted his initial expert report. However, this addendum report is not a permissible supplement under Civil Rule 26(e). This is so because this report largely consists of a summary of the inadmissible information that Shideh had received from Toyota Canada. He offers the conclusion: that this information confirmed his previously articulated position that the 913 heater "was a defective product as the result of manufacturing errors and poor quality check procedure." The fact that his report mostly just summarized the Toyota Canada documents, coupled with his bald assertion that this data confirmed his earlier position – that there was a manufacturing defect – shows that Shideh's proffered addendum is nothing more than an attempt to strengthen or deepen his prior report. Nothing in this conclusion attempts to correct any prior inaccuracy. See In re Crash of Aircraft N93PC on July 7, 2013, at Soldotna, Alaska, 2020 WL 1932936, at *3.

Nor does this supplement fill the interstices of an incomplete report. Rather, Shideh's conclusion that the heater was defective as a result of poor quality check procedure constitutes an entirely new, untimely conclusion. This is impermissible under Plumley, 826 F. Supp. 2d at 1062, and Linder, 249 F.R.D. at 639. Because this addendum is not a proper supplement under Civil Rule 26(a), it is excluded.

But even if this report were a proper supplement under Civil Rule 26(e), it is still subject to exclusion under Civil Rule 37(c)(1). As set forth above, the factors articulated in Silvagni, 320 F.R.D. at 241-41, guide a determination of whether substantial justification or harmlessness exist and thereby prevent imposition of an exclusion sanction. Because Shideh's new report is based on the same untimely-disclosed documents at issue in ECI/ECC's motion to exclude Kendall's twenty-eighth disclosures, the court's analysis as to the documents that comprise those disclosures also applies here. Kendall has not shown

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report                    - 21 -

that it was substantially justified in disclosing Shideh's report at the time that it did, nor that the late disclosure was harmless.

Conclusion

For the reasons set forth above, ECI/ECC's motion to exclude Kendall's supplemental response to Interrogatory Nos. 7-10 is denied. ECI/ECC's motion to exclude Kendall's twenty-eighth disclosures is granted. ECI/ECC and Warren's joint motion to exclude Shideh's second supplemental expert report is granted.

DATED at Anchorage, Alaska, this  30th  day of September, 2021.


/s/   H. Russel Holland
United States District Judge

ORDER – Motions in Limine to Exclude Late-Filed
Disclosures and Responses to Interrogatories and to
Exclude Sean Shideh's Second Supplemental Expert Report                    - 22 -