**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KENDALL DEALERSHIP HOLDINGS, )
LLC, )
                                      Plaintiff, )
)
  vs. )
)
WARREN DISTRIBUTION, INC., )
)    Case No. 3:18-cv-0146-HRH
                                  Defendant. )
_____)
WARREN DISTRIBUTION, INC., )
)
                    Third-party plaintiff, )
)
  vs. )
)
ELECTRICAL COMPONENTS )
INTERNATIONAL, INC. and ELECTRICAL )
COMPONENTS CANADA, INC. )
)
                    Third-party defendants. )
_____)

O R D E R

Motion for Relief from Judgment[1]

    Plaintiff Kendall Dealership Holdings ("Kendall") moves the court for relief from the court's summary judgment order entered June 9, 2021.[2] Defendant and third-party

---

    [1] Docket Nos. 307, 308, and 315.

    [2] Docket No. 244.

ORDER – Motion for Relief from Judgment     - 1 -

plaintiff Warren Distribution ("Warren") and third-party defendants Electrical Components International and Electrical Components Canada ("ECI/ECC") both oppose the motion.³ Oral argument has not been requested and is not deemed necessary.

Background

This case arises from Kendall's allegation that engine block heaters which it purchased from Warren were defective.⁴ ECC allegedly manufactured these heaters and ECI allegedly distributed them.⁵ Various models of the heater have been at issue in this case. These include the original model PU140-00913, or "913" block heater, which contained a 400-watt heating cartridge; the second model, the "913-1" block heater, which contained a modified cord set but retained the original 400-watt cartridge; and the third model, the "913-2" block heater, which contained a 200-watt cartridge.⁶

In its June 9, 2021, summary judgment order, the court noted that as of the date of the entry of the order, there were "no allegations that there have been any problems associated with the 913-2 heater."⁷ Beyond that, the court only mentioned the 913-2 heater when it noted its wattage and the approximate date that ECC began selling it to Warren.⁸ The remainder of the order pertained to the 913 and 913-1 heaters. The court held that Kendall had presented sufficient evidence of a defect in the 913 heater, but that Kendall

---

³Docket Nos. 309 and 310.

⁴Summary Judgment Order at 2, Docket No. 244.

⁵Id.

⁶Id. at 2-4, Motion for Relief from Judgment at 3, Docket No. 307.

⁷Summary Judgment Order at 4, Docket No. 244.

⁸Id.

ORDER – Motion for Relief from Judgment - 2 -

had presented insufficient evidence of a defect in the 913-1 heater.[9] In so holding, the court observed that there was no evidence of thermal events or other problems in the 913-1 heater.[10] Accordingly, the court granted the motion for summary judgment in part and denied it in part.[11] The court did not enter a final judgment.

Kendall now contends that it possesses newly discovered evidence that entitles it to relief from judgment.[12] Kendall alleges that in December 2021 and January 2022, it was notified of new block heater fires that occurred between November 2021 and January 2022 in vehicles owned by Kendall customers.[13] Kendall has submitted records of customer repair orders and an email indicating that customers experienced smoking, sparking, burning, melting, and fires in their block heater hoses, cords, and plugs.[14] The records do not indicate what types of block heaters experienced these issues, though Kendall claims that "[e]ach of the fires appear to have occurred within the cord of the 913-2 model."[15] Kendall's records indicate that its technicians replaced the malfunctioning heaters with 200-watt PU140-00913-2 heaters.[16]

---

[9] Id. at 11-14, Docket No. 244.

[10] Id. at 13-14.

[11] Id. at 23.

[12] Motion for Relief from Judgment at 2, Docket No. 307.

[13] Id. at 4-5.

[14] Repair orders at 4-9, Kendall Dealership Holdings' Thirtieth Supplemental Disclosures (SEALED), Docket No. 308.

[15] Motion for Relief from Judgment at 4, Docket No. 307.

[16] Repair orders at 4-9, Kendall Dealership Holdings' Thirtieth Supplemental Disclosures (SEALED), Docket No. 308.

ORDER – Motion for Relief from Judgment - 3 -

Kendall alleges that the only difference between the 913-1 and 913-2 heaters is the length of the silicone wire in the cords.[17] Kendall does not allege that any of these new thermal events occurred in 913-1 heaters. Regardless, Kendall alleges that these new events alone show that the 913-1 and 913-2 heaters are defective.[18]

Discussion

Local Rule of Civil Procedure 7.3(h)(5) provides that "[a] motion for reconsideration of an order granting a dispositive motion must be filed pursuant to Federal Rule of Civil Procedure 59 or 60." The June 9, 2021, order partially granting summary judgment is a dispositive motion, so Kendall now moves for relief from that order pursuant to Rule 60(b)(2) and (6), Federal Rules of Civil Procedure.[19]

Rule 60(b) permits any party to move for relief from a final judgment, order, or proceeding. Rules 60(b)(2) and 59(b) collectively provide that the court may relieve a party from a final judgment, order, or proceeding upon the discovery of new "evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," meaning "no later than 28 days after the entry of judgment." Rule 60(b)(6) provides that the court may also relieve a party from a final judgment, order, or proceeding for any reason that justifies relief.

However, "a partial summary 'judgment' is not a final judgment, and therefore ... it is not appealable"; it is an interlocutory order, an appeal of which is not allowed except where specifically permitted by statute. Fed. R. Civ. P. Rule 56(d) advisory committee's

---

[17]Reply in Support of Motion for Relief from Judgment at 5-6, Docket No. 315.

[18]Motion for Relief from Judgment at 5, Docket No. 307.

note to 1946 amendment. "[I]nterlocutory judgments are not brought within the restrictions of [Rule 60], but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Fed. R. Civ. P. 60(b), advisory committee's note to 1946 amendment. Rule 60(b) is therefore not applicable here.

Although Kendall's motion for relief from judgment will not be considered pursuant to Rule 60(b), that does not mean the court is precluded from considering what Kendall seeks. The parties have overlooked the provision of Rule 54(b), Federal Rules of Civil Procedure, which provides, with respect to cases and claims where a final judgment has <u>not</u> been entered, that:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

What Kendall requests falls squarely within the reach of the above-quoted portion of Rule 54(b).

Turning to the merits of Kendall's motion for relief from judgment, let us again emphasize that there has been no final judgment entered in this case and, therefore, the court's order of June 9, 2021,[20] can be revisited.

In its June 9 order, the court held that Kendall's action based upon allegations that the 913 block heater was defective might proceed.[21] The court also held that there was no

---

[20]Docket No. 244.

[21]Summary Judgment Order at 11, Docket No. 244.

ORDER – Motion for Relief from Judgment - 5 -

evidence of any defect in the 913-1 block heater.[22]  As of the date of the court's order, there was no evidence of any defect in the 913-2 block heater, nor did the court perceive that Kendall was making a claim as to the 913-2 block heater.  What Kendall has brought forward in its motion for relief from judgment suggests that Kendall may have a new claim based upon newly discovered evidence; but what Kendall now puts forward is not evidence of a defect in the 913-1 engine block heater.

## Conclusion

Kendall's motion for relief from judgment is denied.  The court will take up Kendall's motion to amend shortly.

DATED at Anchorage, Alaska, this 20th day of April, 2022.

/s/   H. Russel Holland
United States District Judge

---

[22]Id. at 13-14.